UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Stephanie Michelle Gardner                    ) C/A No.  2:19-3243-DCN-BM
                                               )
                          Plaintiff,           )
                                               )
vs.                                            ) **REPORT AND RECOMMENDATION**
                                               )
S. Duane Lewis and Randy Demory,               )
                                               )
                          Defendants.          )
_____       )


        This case was originally filed by the Plaintiff, <u>pro se</u>, against numerous Defendants

asserting claims for violations of her constitutional rights pursuant to 42 U.S.C. § 1983[1] and the South

Carolina Tort Claims Act (SCTCA), S.C.CodeAnn. § 15-78-10, et seq.  Plaintiff's claims arise out

of her arrest on April 27, 2018 on drug possession charges.  <u>See</u> generally, <u>Amended Complaint</u>

(Court Docket No. 14).

        The Defendants (except for the Defendants Barlow and Town of Moncks Corner) filed

a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on January 28, 2020.  In response to these

Defendants' motion, Plaintiff filed a motion for partial dismissal in which she voluntarily agreed to

---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method
for vindicating federal rights elsewhere conferred.'"  <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994)
(quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a
party who has been deprived of a federal right under the color of state law to seek relief."  <u>City of
Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 526 U.S. 687, 707 (1999).  To state a claim under
§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or
laws of the United States was violated, and (2) that the alleged violation was committed by a person
acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

1



dismiss her claims against Barlow, The Berkeley County Sheriff's Office, Berkeley County, the Hill-Finklea Detention Center, and the Town of Moncks Corner. This motion included dismissal of Plaintiff's claims asserted under the SCTCA. However, Plaintiff opposes dismissal of her claims against Lewis and Demory asserted under § 1983.

The Court thereafter entered an Order dismissing all Defendants and claims in the Amended Complaint except for Plaintiff's First Cause of Action setting forth a constitutional claim under § 1983 against Lewis and Demory.[2] These remaining Defendants' motion to dismiss Plaintiff's claims against them under § 1983 is now before the Court for disposition.[3]

## Allegations of the Amended Complaint

Plaintiff alleges in her Amended Complaint that on April 27, 2018 she resided in Dillon County, South Carolina, but on that date went to visit a friend who lived at 112 Lodestone Court in Moncks Corner, South Carolina. Plaintiff alleges that shortly after she arrived at the Lodestone Court address, agents with the Berkeley County Sheriff's Office and the Summerville Police Department came to the Lodestone Court address looking for Michael Molyneaux, Jr., for whom they had an outstanding Berkeley County Family Court bench warrant. Amended Complaint, ¶ ¶ 11, 13. Plaintiff alleges that at the time the law enforcement officers arrived she was outside of the residence near the back door, and that at no time did the officers ever observe her in the Lodestone

---

[2]Plaintiff's Second and Third Causes of Action were both claims under the SCTCA, while Plaintiff's Fourth Cause of Action was against the Berkeley County Sheriff's Office, all such claims (and named Defendants therein) having been dismissed.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

Court residence. Molyneaux was found in a bedroom used by Samantha Eason, and Plaintiff alleges that while in the bedroom, now dismissed Defendant Brooks Barlow observed a rolled cigarette filled with a green leafy material, and that during a search of the residence, Barlow further located some green plant material, a plastic bag containing a white powdery substance, and a plastic bag containing a white rock like substance, all in the bedroom used by Eason. Plaintiff further alleges that a "Lt. K. Ham" located items believed to be illegal drugs stuffed in between a couch cushion and an arm of the couch, a phone belonging to a Cory Gethers resting on the couch cushion, and that drug and drug paraphernalia were also discovered in Gethers' automobile. Id., ¶ ¶ 14, 16-17.

Plaintiff alleges that no illegal drugs were found on her person or within her sight, and that the arresting law enforcement officer (Barlow) had no information to indicate that Plaintiff knew of, or had any dominion or control over, the drugs hidden in the couch or in Eason's bedroom. Rather, the only information Barlow had was that Plaintiff had arrived at the Lodestone Court address less than an hour before he [Barlow] had arrived. Even so, Plaintiff alleges that Barlow described her as an "occupant" of the Lodestone residence. Id., ¶ ¶ 18-19. Plaintiff further alleges that when no one claimed ownership of the drugs, Barlow decided to arrest "everyone", including the Plaintiff. Plaintiff alleges she was charged with possession with intent to distribute the drugs found hidden in the couch, although the warrant contained no facts from which it could be inferred that she was ever in actual or constructive possession of any of the drugs found at the Lodestone Court address. Plaintiff further alleges that the warrant contained the factual misrepresentation that she was an occupant of the Lodestone residence. Id., ¶ ¶ 19-22. Plaintiff alleges that after her arrest, she was imprisoned in the Hill-Finklea Detention Center on a $210,000 bond, that she remained in the custody of the Hill-Finklea Detention Center for forty-five (45) days, and was deprived of her liberty for a



total of one hundred eighty (180) days, before the charges against her were ultimately dismissed on October 24, 2018. Id., ¶ 23.

Plaintiff alleges that her arrest was without probable cause and was based on a warrant that was invalid on its face, copies of which are attached to her Complaint as Exhibit 1. Plaintiff alleges that the Defendant Demory is in charge of the Detention Center and thereby deprived her of her liberty pursuant to a facially invalid warrant, and that the Defendant Lewis (as the Sheriff of Berkeley County) is ultimately responsible for the actions of Demory in depriving her of her liberty. Plaintiff further alleges that she was arrested, in part, to "inflate the arrest count of the Berkeley County Sheriff's Office Drug Enforcement Community Action Team", and that her arrest was "subsequently published to the Berkeley County community on Facebook and [to] obtain favorable publicity and to coerce her to give false testimony and such was an improper motive for Plaintiff's arrest and detention". Id., ¶¶ 25-26. Plaintiff seeks monetary damages against the Defendants. See generally, Plaintiff's Amended Complaint.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) ["[O]n a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the complaint alleges sufficient facts which, if true, would permit a reasonable fact finder to find defendants liable."]. Here, after careful review and consideration of the pleadings in



this case and the arguments of the parties, and in light of the requirements of Rule 12, the undersigned

finds for the reasons set forth hereinbelow that these two Defendants are entitled to dismissal of

Plaintiff's claims asserted against under § 1983.

      While Plaintiff complains both that she was falsely arrested and falsely imprisoned

as a result of that arrest, the claim of false "imprisonment" is often conflated with the claim of false

"arrest". See Martin v. Lott, No. 07-3782, 2010 WL 597209, at * 1-2 (D.S.C. Feb. 16, 2010);

Andrews v. Piedmont Airlines, 377 S.E.2d 127, 129-130 (S.C.Ct.App. 1989); see also Wallace v.

Kato, 549 U.S. 384, 388-389 (2007) [Noting that "[f]alse arrests and false imprisonment overlap; the

former is a species of the later", and referring to the two claims together in the decision as "false

imprisonment"].[4]  To state a claim for false arrest under the Fourth Amendment, a Plaintiff must

establish 1) that there was an arrest; and 2) that the arrest was made without probable cause. James

v. City of Wilkes-Barre, 700 F.3d 675, 680 (3rd Cir. 2012).  However, even assuming for purposes

of the Defendants' motion to dismiss that Plaintiff has alleged sufficient facts to state a "plausible"

claim that she was arrested without probable cause, in order to proceed with this claim against Lewis

and/or Demory Plaintiff also has to show that one or both of these two Defendants were responsible

---

[4]It is arguable that a false "arrest" only applies to the time of the actual arrest, while false "imprisonment" is what would continue to run until the prisoner becomes held pursuant to legal process (at that time then converting over to a malicious prosecution claim). However, the Supreme Court in Wallace did not make that distinction, instead considering the two claims (false arrest and false imprisonment) under the same standard for determining when the claim ended, and a claim of malicious prosecution began. Wallace, 549 U.S. at 388-389; see also Kenley v. District of Columbia, 83 F.Supp.3d 20, * 41 (D.D.C. 2015) [There is no real difference as a practical matter between false arrest and false imprisonment], citing Hernandez v. District of Columbia, 845 F.Supp.2d 117, 119, n. 7 (D.D.C. 2012); Morgan v. County of Nassau, 720 F.Supp.2d 229, 236 (E.D.N.Y. 2010) [Making no distinction between claims for false arrest and false imprisonment under § 1983]; Funke v. Coogle, No. 11-310, 2013 WL 209602 at * 8 (W.D.Ky. Jan. 17, 2013) (citing Dunn v. Felty, 226 S.W.3d 68, 71 (S.C.Ky. 2007)); Nerswick v CSX Transp., Inc., 692 F.Supp.2d 866, 882 (S.D.Ohio Feb. 19, 2010).



5

for her being arrested without probable cause. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["Liability . . . must be based on the personal involvement of the defendant"], cert denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996); see also Horton v. Marovich, 925 F.Supp. 540, 543 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"]. Even considering the allegations of Plaintiff's Amended Complaint to be true for purposes of the motion to dismiss, there are simply no factual allegations from which even an inference can be drawn that either one of these two Defendants had anything to do with her being arrested (allegedly) without probable cause. Therefore, the allegations of Plaintiff's Amended Complaint simply fail to establish this necessary element for a false arrest claim against Lewis or Demory. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) [Plaintiff has the burden of alleging facts sufficient to state all the elements of a claim].

Specifically, the Amended Complaint clearly alleges that it was Barlow (who Plaintiff has previously dismissed as a Defendant) who arrested the Plaintiff, a fact confirmed by the arrest warrants attached to Plaintiff's Complaint and which show Barlow as the arresting officer and the affiant to the warrants. See Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999) [In addition to the factual allegations of the complaint, the court may also consider as part of the review of a Rule 12 motion any documents that are "integral to and explicitly relied on in the complaint"]; see also Amended Complaint, ¶ 24, Exhibit One. According to the allegations of Plaintiff's own Amended Complaint, she was arrested by Barlow, who then obtained a warrant attested to before a county magistrate judge by Barlow, and was thereafter booked into the County jail. There are no



6

allegations that either Lewis (the Sheriff of Berkeley County) or Demory (who is alleged to be the Administrator of the County Detention facility) had anything whatsoever to do with Plaintiff's arrest or the charges filed against her. Cf. Barren v. Harrington, 152 F.3d at 1194 ["Liability . . . must be based on the personal involvement of the defendant"]; see also Horton, 925 F.Supp. at 540, 543 ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"].

There are no allegations that Demory had any knowledge that Plaintiff had been booked into the jail on false or bogus charges, nor would he have had the authority to release the Plaintiff absent a court order. Plaintiff cannot maintain a § 1983 false arrest/imprisonment claim against Demory just because he was the Administrator of the jail where she was being held pursuant to an arrest warrant that had been signed by a judge. As for Lewis, it is readily apparent that the only reason he is named as a Defendant in this case is because he is the Sheriff of Berkeley County, and as such both Demory and (presumably) Barlow worked for him.[5] However, although Sheriff Lewis is otherwise subject to suit under § 1983 for damages in his individual capacity, the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Therefore, unless Plaintiff alleges specific wrongdoing on the part of Lewis, or that the conduct complained of was the result of a policy or custom approved by Lewis, he may not be held liable for the actions of Barlow. Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978); Wetherington v. Phillips, 380 F.Supp. 426,

---

[5]It is not clear from the allegations of Plaintiff's Complaint whether Barlow was a Sheriff's Deputy or a Moncks Corner Police Officer.



7

428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); cf. Joyner v. Abbott Laboratories, 674

F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992).

Although Plaintiff makes the conclusory allegation that her arrest was due to an effort to "inflate" the

arrest count of the Department's drug team or was part of an effort to improperly "coerce" testimony

from her, Plaintiff has failed to set forth any factual allegations to show a custom or policy approved

or condoned by Sheriff Lewis was the reason for any such allegedly improper conduct or actions.

Barren, 152 F.3d at 1194 ["liability...must be based on the personal involvement of the defendant"],

cert. denied, 522 U.S. 1154 (1999); Midgal v. Rowe Price-Fleming International, Inc., 248 F.3d 321,

326 (4th Cir. 2001)["The presence [ ] of a few conclusory legal terms does not insulate a complaint

from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal

conclusion"], quoting Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001)[Internal

quotation marks omitted].

       In sum, in order to maintain her claim under § 1983, Plaintiff's allegations must be

sufficient to set forth a "plausible" claim, in part, that either Demory or Lewis deprived her of a

federal right. Iqbal, 129 S.Ct. at 1949 [Plaintiff must set forth sufficient facts to state plausible claim

for relief "on its face"]; Gomez v. Toledo, 446 U.S. 635, 640 (1980). As is set forth and explained

more fully hereinabove, the allegations of the Amended Complaint fail to present a viable § 1983

claim for false arrest against either named Defendant (Lewis or Demory). See Frey v. City of

Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim

as a matter of law and must not be conclusory"]; see also Harper v. United States, 423 F.Supp. 192,

196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual

allegations, these claims may be properly dismissed by summary dismissal"]. Therefore, Lewis and



Demory are entitled to dismissal as party Defendants under Plaintiff's § 1983 false arrest/imprisonment cause of action.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted**, and that Lewis and Demory be **dismissed** as party Defendants in this case,

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

March 16, 2020
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).